IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| Caitlin V. Neal,<br><br>      Plaintiff,<br><br>v.<br><br>Operator of the Digital Properties Set Forth in Exhibit 1,<br><br>      Defendant. | Case No: 2:24-cv-00263 |

## COMPLAINT

Plaintiff Caitlin V. Neal ("Neal" or "Plaintiff"), by and through her attorneys at ZLATKIN CANN ENTERTAINMENT, for her complaint ("Complaint") against Defendant Operator of the Digital Properties Set Forth in Exhibit 1 ("Defendant"), alleges:

## NATURE OF THE ACTION

1. This is an action for false endorsement arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*. ("Lanham Act"), and for knowing, willful, and intentional violations of the Indiana statute against misappropriation of rights of publicity, Ind. Code 32-36-1-0.2, *et seq*.

## THE PARTIES

2. Neal is an individual who currently resides in Los Angeles, California.

3. Upon information and belief, Defendant is an e-commerce merchant based in China. Defendant controls and operates the website located at the URL set forth in Exhibit 1 of this Complaint (together with all subpages, "Point-of-Sale Site") and the social media page(s) set forth in Exhibit 1 of this Complaint (collectively, "Defendant's Socials"). After purchase of products through the Point-of-Sale Site using a U.S.-based money transfer platform, additional information has become apparent about Defendant's domains and identity ("Purchase-Based Evidence"). True and correct screenshots of the Point-of-Sale Site, the Defendant's Socials, and

Purchase-Based Evidence are attached hereto and incorporated herein as Exhibit 1. True and correct screenshots of the WHOIS records for the Point-of-Sale Site and other domain(s) believed to be controlled by Defendant are attached hereto and incorporated herein as Exhibit 2.[1]

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, as this is a civil action arising under federal law, namely the Lanham Act. This Court also has original subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1338(a), because the Lanham Act relates to trademarks.

5. This Court further has jurisdiction to grant injunctive relief under 15 U.S.C. § 1116(a).

6. The pendent state law claim is so related to the federal claim that they form part of the same case or controversy pursuant to Article III of the Constitution. The Court therefore has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States, including Indiana and this Judicial District. Defendant reaches out to do business with residents of Indiana and this Judicial District by operating one or more commercial, fully interactive website(s) (including, at a minimum, the Point-of-Sale Site) through which residents of Indiana and this Judicial District can purchase products being offered and sold by Defendant, after linking from advertisements featuring

---

[1] The name of the Point-of-Sale Site and other information that may be used to identify Defendant is being filed under seal. Plaintiff seeks leave to do so because Plaintiff intends to move for a temporary restraining order, through which the Court would impose a temporary asset freeze with respect to Defendant's money transfer platform(s). In the absence of a temporary asset freeze, Plaintiff believes that Defendant would obtain advance notice of this suit and would transfer assets abroad, thereby frustrating this Court's future rulings. Plaintiff also intends to seek expedited discovery, through which Plaintiff would receive additional information from third-party online marketplace platform(s) to further help identify Defendant.

Plaintiff's image, photograph, likeness, and distinctive appearance. Defendant has targeted sales from residents of Indiana and this Judicial District by operating the Point-of-Sale Site that accept(s) payment in U.S. dollars and offers shipping to addresses within Indiana and this Judicial District for products advertised using Plaintiff's image, photograph, and likeness. Defendant has committed and is committing tortious acts in Indiana and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Indiana.

## FACTUAL ALLEGATIONS

8.  Neal is a renowned sexologist and sexual health and relationship coach.

9.  As part of the process of building her credentials, Neal attended and obtained degrees from various institutions, including a Bachelor of Arts degree from DePauw University in Greencastle, Indiana and a Master of Public Health degree from Indiana University in Bloomington. Neal was also a doctoral student at the University of Texas School of Public Health and a graduate assistant at the University of Texas Health Science Center at Houston.

10. Neal has over the years performed sex-coaching services through her own name (including under the name "Caitlin V") as well as in the form and style of "BPP Coaching, Inc.," which is an Illinois corporation in good standing ("BPP"). BPP controls and operates the website https://caitlinvneal.com/.

### Neal's Personality Has Developed Commercial Value

11. In addition to providing sex-coaching services through BPP, Neal has established several digital properties through third-party social media platforms.

12. Neal established the YouTube Channel accessible at the URL https://www.youtube.com/@CaitlinV ("YouTube Channel"). As of the date of this Complaint, the YouTube Channel has over 805,000 subscribers, contains over 800 videos, and has garnered over

129 million views. True and correct screenshots of various webpages of the YouTube Channel are attached hereto and incorporated herein as Exhibit 3.

13.　　Neal controls and operates the Instagram page accessible at the URL https://www.instagram.com/caitlinvictoriousx/ ("Instagram Page") and the Facebook page accessible at the URL https://www.facebook.com/caitlinvspot ("Facebook Page"). Neal also controls and operates the TikTok page accessible at the URL https://www.tiktok.com/@caitlinvictoriousx_?lang=en ("TikTok Page"), as well as the X account accessible at the URL https://x.com/caitlinvneal ("X Account"). As of the date of this Complaint, Neal has over 38,000 followers at both the Instagram Page and the Facebook Page, over 64,500 followers at the TikTok Page, and over 2,500 followers at the X Account. True and correct screenshots of the Instagram Page, the Facebook Page, the TikTok Page, and the X Account are attached hereto and incorporated herein as Exhibit 4.

14.　　In 2022, Neal starred as the host of the Discovery Plus reality television show entitled *Good Sex* ("Reality Show"). As part of the Reality Show, Neal provided coaching to real people to help them resolve challenges relating to sex and intimacy that had arisen in their lives. True and correct screenshots of the official page for the Reality Show are attached hereto and incorporated herein as Exhibit 5.

15.　　Neal has successfully combined sound advice and entertaining presentation to become a trusted source of information about sexual topics, including a variety of adult-oriented products.

16.　　Neal has successfully leveraged the followers she has cultivated into opportunities to serve as an ambassador for various brands in the sexual health space, including providers of adult-oriented goods and services.

17. Neal earns her livelihood within the sexual health space, including without limitation through the commercial use of her name, voice, signature, photograph, image, likeness, distinctive appearance, gestures, and mannerisms (collectively, "Personality"), as well as by granting rights to third parties to use her Personality and/or content.

**Defendant Uses Neal's Personality Without Consent to Promote Defendant's Products**

18. Defendant sells the products identified on Exhibit 1 ("Defendant's Products").

19. Defendant's Products are adult-oriented wellness products of dubious quality.

20. In July 2024, Defendant initiated an online marketing campaign for Defendant's Products. As part of the marketing campaign, Defendant caused the publication of multiple ads through which internet users may click a button to proceed to order Defendant's Products. At least three of these ads prominently featured aspects of Neal's Personality, including specifically Neal's image, photograph, likeness, and distinctive appearance (such ads featuring Neal, collectively, "Infringing Ads"). The Infringing Ads contained an "Order Now" link in close proximity to Neal's Personality. True and correct screenshots of the Infringing Ads are attached hereto and incorporated herein as Exhibit 6.

21. Clicking on the "Order Now" button adjacent to Neal's Personality redirected users to Defendant's Point-of-Sale Site.

22. The Infringing Ads and the Point-of-Sale Site are viewable and accessible within the State of Indiana, and the Point-of-Sale Site accepts payments for Defendant's Products from Indiana residents for shipment to the State of Indiana.

23. Some of Neal's followers have contacted Neal, inquiring whether Neal actually endorses Defendant's Products.

24. Neal does not endorse Defendant's Products, has not consented to the use of her Personality to promote Defendant's Products, and believes that the Infringing Ads contain misleading and/or false information that may harm consumers of Defendant's Products.

## FIRST CLAIM FOR RELIEF
## False Endorsement Under 15 U.S.C. § 1125(a)(1)(A)

25. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–24 of this Complaint.

26. Neal owns all statutory and common law rights associated with her Personality necessary for endorsement deals, including the right to decide whether to associate any aspects of her Personality with any third party for purposes relating to sponsorship and/or endorsement.

27. Defendant has used distinctive attributes of Neal's Personality without permission by displaying the Infringing Ads with aspects of Neal's Personality.

28. Such unauthorized usage constitutes false or misleading representations of fact to falsely imply the endorsement of Defendant's business and products by Neal.

29. Such unauthorized usage of Neal's Personality is likely to confuse and deceive consumers as to Neal's sponsorship and/or endorsement of Defendant and Defendant's Products. Specifically, the use of Neal's image, photograph, likeness, and distinctive appearance by Defendant is likely to cause consumers to mistakenly believe that Neal is associated with Defendant or that Neal sponsors or endorses Defendant's Products.

30. As a direct and proximate result of the acts of false endorsement set forth above, Neal has suffered actual damages in an amount to be proven at trial.

31. Defendant's acts have injured Neal's image or reputation by creating a likelihood of confusion about Neal's endorsement and/or approval of Defendant's Products.

32. Defendant's deliberate misrepresentations regarding an association with Neal constitute false endorsement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### Violation of the Indiana Right of Publicity Statute, Ind. Code 32-36-1-0.2 *et seq.*

34. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–33 of this Complaint.

35. The Infringing Ads are accessible in Indiana, and the Infringing Ads redirect Indiana consumers to the Point-of-Sale Site, where Indiana consumers may order (and have ordered), Defendant's Products for shipment to Indiana.

36. Neal's Personality has commercial value, as supported by her substantial following across multiple platforms and media, as well as by third parties' engagement of Neal specifically for the purpose of leveraging Neal's Personality.

37. Neither Defendant nor any representative of Defendant has sought or obtained any consent from Neal to use Neal's Personality for commercial purposes (or any other purposes).

38. Here, Defendant has used Neal's Personality (which includes Neal's image, photograph, likeness, and distinctive appearance) without Neal's written consent (or any other type of consent) for the commercial purpose of promoting Defendant's Products and to encourage consumers to purchase Defendant's Products.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows.

1. On the First Claim for Relief, an award of actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a);

2. On the First Claim for Relief, for the disgorgement of Defendant's profits attributable to the alleged false endorsement or affiliation, in accordance with 15 U.S.C. § 1117(a);

3. On the Second Claim for Relief, pursuant to Ind. Code § 32-36-1-10(1), an award of the greater of (a) statutory damages in the amount of $1,000; or (b) actual damages in an amount to be proven at trial, including profits derived from the unauthorized use of Neal's Personality;

4. On the Second Claim for Relief, pursuant to Ind. Code § 32-36-1-10(2), an award of treble or punitive damages (as Neal may elect) in an amount sufficient to deter unlawful conduct by Defendant in the future, because Defendant's unauthorized uses of Neal's Personality were knowing, willful, and/or intentional;

5. For preliminary and permanent injunctive relief to restrain and enjoin Defendant from using Neal's Personality, pursuant to Ind. Code § 32-36-1-12(2) and 15 U.S.C. § 1116(a);

6. For attorneys' fees, costs, and expenses, in accordance with Ind. Code § 32-36-1-12(1) and 15 U.S.C. § 1117(a); and

7. For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2024

                    Respectfully submitted,

                    **ZLATKIN CANN ENTERTAINMENT**

                    By: ____/s/ Ilya G. Zlatkin_____
                    Ilya G. Zlatkin (Bar No. 37269-45)
                    ZLATKIN CANN ENTERTAINMENT
                    4245 North Knox Avenue
                    Chicago, Illinois 60641
                    Tel: (312) 809-8022
                    Fax: (312) 809-6918
                    ilya@zce.law

                    *Attorney for Plaintiff Caitlin V. Neal*