IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| Caitlin V. Neal,<br><br>      Plaintiff,<br><br>v.<br><br>Operators of the Digital Properties Set Forth in Exhibit 1,<br><br>      Defendants. | Case No: 2:24-cv-00263-GSL-AZ<br><br>Dist. Judge Gretchen S. Lund<br><br>Mag. Judge Abizer Zanzi |

### Declaration of Ilya G. Zlatkin

I, Ilya G. Zlatkin, of the Town of Munster, in the State of Indiana, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois, the State of Indiana, the United States District Court for the Northern District of Indiana, and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the following:

2. At the direction of Plaintiff, while I was located in northwest Indiana, I investigated the unauthorized usages of Plaintiff's photographs, image, likeness, and distinctive appearance in online advertising for Defendants' products. I was able to view the advertisements within northwest Indiana, and by clicking on the "Order Now" buttons in the online advertisements, I was redirected to various websites that allowed for the purchase of Defendants' products into northwest Indiana. I also proceeded to engage third parties located in northwest Indiana to do the same, and to order Defendants' products for delivery to northwest Indiana from the point-of-sale website to which the third parties were redirected from the online advertisements. Such ordered products were subsequently delivered to northwest Indiana.

3. In my experience helping combat online piracy, counterfeiting, and false advertising over the last five years, I have observed infringers using a variety of tactics to evade enforcement efforts. Specifically, infringers like the Defendants in the present case will often register new domains and online marketplace accounts under new aliases once they receive notice of a lawsuit, or otherwise utilize a plethora of accounts to minimize the risk that the removal or deactivation of one storefront due to their infringing activities will stall their entire operation.

4. In my experience, once notice of a lawsuit is received, merchants who misappropriate intellectual property or aspects of an individual's personality (like the Defendants in the present case) move funds from their U.S.-based accounts (*e.g.*, PayPal) to offshore bank accounts outside the jurisdiction of this Court.

5. For these reasons, in the absence of an *ex parte* Order, Defendants in the interest of shielding their assets could and likely would modify payment account registration data and content and to shuffle any assets from accounts in U.S.-based financial institutions (e.g., PayPal), to offshore accounts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this November 8, 2024 at Munster, Indiana.

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N Knox Ave.
Chicago IL, 60641
(312) 809-8022
ilya@zce.law

*Counsel for Plaintiff*