# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CAITLIN V. NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-263-GSL-AZ |
| ) | |
| OPERATORS OF THE DIGITAL ) | |
| PROPERTIES SET FORTH IN ) | |
| EXHIBIT 1, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) [DE 15], filed by the Plaintiff on November 8, 2024. The plaintiff requests permission to serve process by electronically publishing a link to the Complaint and other relevant case documents via an electronic mailing address provided on third-party websites operated by the Defendants. Plaintiff indicates there is no known physical address for the Defendants, but the Defendants provide an email address in the "Contact Us" portion of their point-of-sale sites and must use an email address to register an account with any third-party ecommerce merchants.

Federal Rule of Civil Procedure 4(f)(3) provides that service upon an individual not within a judicial district of the United States may be affected "by other means not prohibited by international agreement as may be directed by the court." Due process requires that service of notice be "reasonably calculated, under all

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, (1950). A court is "afforded wide discretion in ordering service of process under Rule 4(f)(3)." *S.E.C. v. Anticevic,* No. 05 CV 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (quoting *BP Prods. N. Am., Inc. v. Dagra,* 236 F.R.D. 270, 271 (E.D.Va.2006)).

Email is a reasonably calculated method to give notice, given that the defendants conduct business over the Internet, and have provided an email address as a method of contact for commercial purposes. Email has been found to be a proper method of service "without hesitation" by sister courts such as the Ninth Circuit. *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014–17 (9th Cir. 2002). Additionally, numerous courts throughout the Seventh Circuit have not found email to be in violation of any international agreement such as the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng, et al.*, Dkt. 70, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019). The fact that the defendants' physical address is unknown weighs in favor of allowing service by email because 1) other traditional methods of service may be impossible as a result, and 2) the Hague Convention does not apply when a defendant's address is unknown. *See Hinsey v. Better Built Dry Kilns, Inc.,* No. 1:08-CV-00114, 2009 WL 1766883, at *4 (N.D. Ind. June 22, 2009) (citing *U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset,* No. 07 C 3598, 2008 WL 4299771, at *4 (N.D.Ill. Sept.17, 2008)).

Accordingly, the Court hereby **GRANTS** the Plaintiff's Motion for Electronic

Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) [DE 15] and **ORDERS** that the Plaintiff serve Defendants electronically by email and electronic publication.

SO ORDERED this 13th day of November 2024.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT