IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| Caitlin V. Neal,<br><br>    Plaintiff,<br><br>v.<br><br>Operators of the Digital Properties Set Forth in Exhibit 1,<br><br>    Defendants. | Case No: 2:24-cv-00263-GSL-AZ<br><br>Dist. Judge Gretchen S. Lund<br><br>Mag. Judge Abizer Zanzi |

**PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Caitlin V. Neal ("Plaintiff" or "Neal"), by and through Plaintiff's undersigned counsel, submits this *Ex Parte* Motion for Expedited Discovery.

Plaintiff previously filed an *ex parte* motion seeking a temporary restraining order, including a temporary asset restraint, and for expedited discovery ("Motion for TRO"). [DE 14]. On November 26, 2024, the Court issued an order denying the Motion for TRO ("Order re TRO"). [DE 20]. In the Order re TRO, the Court acknowledged that the Court could assert personal jurisdiction over Defendants. [DE 20 at 2–7]. The Court also acknowledged that Plaintiff had sufficient reasons for seeking relief *ex parte*. [*Id*. at 8–9]. Further, the Court determined that Plaintiff had some likelihood of succeeding on the merits and that Plaintiff may suffer irreparable harm without an injunction. [*Id*. at 9]. The Court denied the Motion for TRO, however, because (1) Plaintiff purportedly has an adequate remedy at law, and (2) the Court deemed there to be a high risk of potential overreach in the breadth of the temporary asset freeze.[1] [*Id*. at 9–10].

---

[1] In the Order re TRO, the Court referenced in-court statements made by Plaintiff's counsel regarding the practical impacts of the contemplated TRO. [DE 20 at 9–10]. It is important to emphasize that Defendants would still have access to their accounts for purposes that comply with a platform's terms of use. (*See, e.g.*, Exhibit 1, Sample Letter from PayPal in Response to a TRO.) Furthermore, an asset freeze effected by third-party platforms would not result in the frozen funds being immediately turned over to Plaintiff. *Id*.

The Court stated in the Order re TRO that there are "many unknowns" in this case, but the Court did not consider Plaintiff's arguments regarding the merits of expedited discovery for situations such as the one at issue here. As Plaintiff asserted in support of the Motion for TRO, the United States Supreme Court has held that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 882 (7th Cir. 2002). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* FED. R. CIV. P. 26(b)(2). The expedited discovery requested would be limited to determine the "many unknowns" identified by the Court, including Defendants' identities, as well as the size and scope of infringing activities vis-à-vis activities that do not serve as the basis of Plaintiff's claims. Plaintiff would then use the information produced pursuant to such expedited discovery to move again for an *ex parte* temporary restraining order, supporting that the balancing of equities favors Plaintiff. In such subsequent motion, Plaintiff would also address in more detail why Plaintiff in fact does not have any adequate remedy at law.[2]

---

Instead, the funds would be held by the platforms until this Court determined an appropriate award of damages or Defendants appeared and sufficiently supported a reduction in the size of the asset freeze. *See id*. As briefly discussed at the hearing, Plaintiff's sole obligation in seeking profit-based equitable relief under the Lanham Act is to prove Defendants' gross sales. *See* 15 U.S.C. § 1117(a) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; <u>defendant must prove **all elements** of cost or deduction claimed</u>.") (emphasis added); *see also WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008), *as amended* (Sept. 16, 2008) (holding that district court erred when it "assumed that it had to segregate [defendant's] legitimate revenues from those that [defendant] derived through its infringement, and that [plaintiff] had to bear the risk of uncertainty about the proper characterization of the revenues."). By denying the Motion for TRO due to concerns about the scope of non-infringing activity, the Court has seemingly shifted the burden of proving Defendants' deductible expenses onto Plaintiff.

[2] In the Order re TRO, the Court determined that Plaintiff's ability to file a Lanham Act claim was an adequate alternative to injunctive relief. [DE 20 at 9]. This is erroneous, however, as Lanham Act claims

Accordingly, Plaintiff respectfully requests that expedited discovery be granted in substantially the form of the proposed order submitted by Plaintiff to the Court concurrently with the filing of this motion.

Dated: November 27, 2024

Respectfully submitted,

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph. (312) 809-8022
Fax (312) 809-6918

*Counsel for Plaintiff*

---

concern injuries to consumer goodwill, which plaintiffs "continue[] to suffer in the absence of an injunction." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002), *as amended* (Oct. 18, 2002). The Seventh Circuit has repeatedly determined that such damage to goodwill constitutes "irreparable harm for which [plaintiff] ha[s] no remedy." *Id*. (emphasis added); *see also Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 17 (7th Cir. 1992) (vacating denial of preliminary injunctive relief, in relevant part because the "practical impossibility" of quantifying the harms suffered by a Lanham Act plaintiff "would render monetary relief inadequate," therefore rendering "injuries irreparable"); *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) ("We have clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy."); *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) ("Harm is irreparable if legal remedies are inadequate to cure it. Inadequate does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered.") (internal citations and quotations omitted). Therefore, in a subsequent filing, Plaintiff will request that the Court reconsider its determination that Plaintiff has an adequate remedy at law, especially given that the Court has already determined that Plaintiff may suffer irreparable harm in the absence of an injunction. [DE 20 at 9].