UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CAITLIN V NEAL,

    Plaintiff,

    v.

OPERATORS OF THE DIGITAL
PROPERTIES SET FORTH IN EXHIBIT 1,

    Defendant.

Case No. 2:24-CV-263-GSL-AZ

## ORDER AND OPINION

On November 26, 2024, this Court denied Plaintiff's *ex parte* Motion for a Temporary Restraining Order. [DE 20]. On November 29, 2024, Plaintiff filed both a Motion for Reconsideration, and *an ex parte* Motion for Expedited Discovery. [DE 21; DE 22]. The *ex parte* Motion for Expedited Discovery was granted in-part, and denied in-part, on December 5, 2024. [DE 24]. For the reasons below, Plaintiff's Motion for Reconsideration is denied.

## DISCUSSION

Plaintiff requests this Court reconsider its denial of the *ex parte* temporary restraining order. Specifically, Plaintiff argues that the Court committed manifest err in finding that the Plaintiff has an adequate remedy at law, and when balancing the equities. An *ex parte* temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted. *Fort Wayne Women's Health Organ. v. Brane*, 734 F. Supp. 849, 850 (N. D. Ind. 1990). *See Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999); *Am. Can Co. V. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984); *David White Instruments, LLC v. TLZ, Inc.*, 2002 U.S. Dist. LEXIS 23410, 2002 WL 31741235 (N.D. Ill. Dec. 4, 2002). With this in

mind, the Court will begin its analysis of the Motion for Reconsideration with its finding that Plaintiff has an adequate remedy at law.

Plaintiff first argues that the Seventh Circuit has been inconsistent as to whether irreparable harm and the availability of an adequate remedy at law are separate elements or one and the same, and that the element of irreparable harm may appropriately be used to support the issuance of a preliminary injunction, without a finding that a plaintiff does not have an adequate remedy at law. Plaintiff cites *Roland Mach.* to support both propositions. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 385–86 (7th Cir. 1984). Notably, this case was not included in Plaintiff's original motion requesting an *ex parte* temporary restraining order, [DE 14].

As an initial matter, Plaintiff herself cites caselaw supporting the Court's treatment of irreparable harm and the availability of alternative adequate relief as two separate elements. *See Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 429 (7th Cir. 2001) (Before granting a preliminary injunction, the movant must demonstrate a likelihood of success on the merits, the existence of an irreparable harm without the injunction, and an inadequate remedy at law.) Moreover, the Seventh Circuit has consistently articulated the test for a preliminary injunction as requiring both irreparable harm and an inadequate remedy at law.[1]

---

[1] *See Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) ("…show that: (1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and…"); *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) ("…show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and …"); *Merritte v. Kessel*, 561 Fed. Appx. 546, 548 (7th Cir. 2014) ("… needed to show to the district court … (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction."); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) ("…demonstrate… (2) no adequate remedy at law; (3) irreparable harm absent the injunction"); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007) ("…moving party must demonstrate … (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted."); *Promatek Indus., LTD v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002) ("party seeking a preliminary injunction is required to demonstrate … that it has no adequate remedy at law, and that it will suffer irreparable harm if the relief is not granted."); *Wisconsin Music Network v. Muzak Ltd. Partnership*, 5 F.3d 218, 221 (7th Cir. 1993) ("… movant must show… 2) the inadequacy of a remedy at law; and 3) the existence of irreparable harm without the injunction…"); *Kellas v. Lane*, 923 F.2d 492, 493 (7th Cir. 1990) (identifying the inadequacy of a remedy at law and the existence of irreparable harm has separate elements).

The Court disagrees with Plaintiff's understanding of *Roland Mach*. A direct quote reads,

> In every case in which the plaintiff wants a preliminary injunction he must show that he has 'no adequate remedy at law,' and (unless the statute under which he is suing excuses a showing of irreparable harm, as in *Illinois Bell Tel. Co. v. Illinois Commerce Comm'n*, supra, 740 F.2d at 571) that he will suffer 'irreparable harm' if the preliminary injunction is not granted. The absence of an adequate remedy at law is a precondition to any form of equitable relief. The requirement of irreparable harm is needed to take care of the case where although the ultimate relief that the plaintiff is seeking is equitable, implying that he has no adequate remedy at law, he can easily wait till the end of trial to get that relief. (On the distinction between 'no adequate remedy at law' and 'irreparable harm' see Fiss & Rendleman, Injunctions 59 (2d ed. 1984).) Only if he will suffer irreparable harm in the interim -- that is, harm that cannot be prevented or fully rectified by the final judgment after trial -- can he get a preliminary injunction. Where the only remedy sought at trial is damages, the two requirements -- irreparable harm, and no adequate remedy at law -- merge.

*Roland Mach.*, 749 F.2d 380, 386. According to *Roland Mach.,* the elements of irreparable harm and the availability of an adequate remedy at law are separate and distinct. The *only* time where the two elements are appropriately viewed as one is when damages are the sole relief requested at trial. *Roland Mach.*, 749 F.2d 380, 386. Plaintiff's Complaint, here, requests a jury trial and damages, but also "preliminary and permanent injunctive relief." [DE 1, Pages 7-8]. This is not a circumstance under which the two elements appropriately "merge" and are viewed as one. *See Roland Mach.*, 749 F.2d 380, 386. The Court did not err by analyzing the two elements separately.

Plaintiff next argues that preliminary injunctive relief is "particularly appropriate in Lanham Act cases such as this one, considering that the injuries in question relate to consumer goodwill, which plaintiffs 'continue[] to suffer in the absence of an injunction,'" citing *Promatek. v. Equitrac Corp.,* 300 F.3d 808, 813 (7th Cir. 2002). Yet again, this case is not cited in Plaintiff's original motion requesting an *ex parte* temporary restraining order, [DE 14]. Even if

3

*Promatek* stood for the notion that injunctive relief is "particularly appropriate" in cases like Plaintiff's, the Court in *Promatek* still had to find that the plaintiff had no adequate remedy at law. *Promatek*, 300 F.3d 808, 813. In this instance, the Court did not err in declining to issue an *ex parte* temporary restraining order based on a finding of irreparable harm alone. Plaintiff further argues that the Seventh Circuit has held that damage to goodwill constitutes "irreparable harm for which [plaintiff] ha[s] no remedy." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002). *Promatek* is a trademark infringement case. Plaintiff does not provide, nor can this Court locate, precedent where the Seventh Circuit held alleged damage to goodwill in a false endorsement case constitutes, by itself, irreparable harm. The Court did not err in finding Plaintiff had an adequate remedy at law.

      Finally, Plaintiff argues the Court erred by not assessing the degree of likelihood of Plaintiff's success on the merits and by improperly balancing the harm to each of the parties. [DE 22, Page 5]. Plaintiff argues that she is "extremely likely" to succeed on the merits, and that had the Court not found she only had "some likelihood" of success, the balance of harm would easily have tipped towards Plaintiff in favor of an *ex parte* temporary restraining order. This is an incorrect assessment of the Court's Order. Plaintiff failed to meet one of the three elements required for the Court to issue an *ex parte* temporary restraining order. [DE 20, Page 9]. The fact that Plaintiff was unable to meet the three elements is enough to prevent this Court from issuing an *ex parte* temporary restraining order.

      Even if Plaintiff had been able to meet the elements, this Court would not have been able to accurately balance the harms between Plaintiff and Defendants based on the information presented. *Kraft Foods* described how the balancing of harms should be analyzed.

> "… if the plaintiff has a strong likelihood of prevailing in the full trial, and the costs to him if the preliminary injunction is denied are at least as

4

great as the costs to the defendant if it is granted, and the plaintiff's costs could not be fully recouped by him in a final judgment in his favor, the injunction should be issued."

*Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013) (citing *Roland Mach*., 749 F.2d 380, 387-88). The Court was, and remains, unable to accurately balance any of the harms because Defendants are entirely unknown, as are their location, size, and scale. The Court cannot compare Plaintiff's costs and harms to Defendant's costs and harms accurately without that information. In this respect, the Court has not committed err.

## **CONCLUSION**

Plaintiff requested an *ex parte* temporary restraining order against the unknown owners and operators of the infringing advertisements, who, allegedly, exist outside of the country and whose identity, location, size, and scale are entirely unknown. The Court denied Plaintiff's request, without prejudice, because Plaintiff could not meet the required elements. If Plaintiff believes there exists a basis for an *ex parte* temporary restraining order notwithstanding the foregoing, she may reapply upon a regularly noticed motion.[2] Plaintiff's Motion for Reconsideration is denied.

---

[2] Plaintiff asserts that the Court left unresolved her Motion for Expedited Discovery, which was included as a separate Motion within the Motion for a Temporary Restraining Order. [DE 22, Page 2]. When reviewing Plaintiff's Motion for a Temporary Restraining Order, [DE 14], because of both the title of the Motion, "PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY" and the structure of Motion, this Court did not view the requests for a temporary asset restraint and expedited discovery as separate motions, but instead understood Plaintiff to be requesting those as part of the temporary restraining order itself. The Court believed it resolved both of those requests with its denial Order, [DE 20]. After the Court's denial Order, Plaintiff filed an *ex parte* Motion for Expedited Discovery separately, at [DE 21]. Because Plaintiff did not allege the Court left his temporary asset restraint request unresolved, the issue appears moot.

SO ORDERED.

ENTERED: December 9, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court