# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| Caitlin V. Neal,<br><br>                      Plaintiff,<br><br>v.<br><br>Operators of the Digital Properties Set Forth in Exhibit 1,<br><br>                      Defendants. | Case No: 2:24-cv-00263-GSL-AZ<br><br>Dist. Judge Gretchen S. Lund<br><br>Mag. Judge Abizer Zanzi |

**PLAINTIFF'S RESPONSE TO THE CLERK'S NOTICE OF JULY 22, 2025**

Plaintiff Caitlin V. Neal ("Plaintiff" or "Neal"), by her counsel, respectfully responds to the Clerk's Notice of July 22, 2025. [DE 26].

1. On July 31, 2024, Plaintiff filed the instant case against Defendants for false endorsement under the Lanham Act (15 U.S.C. § 1125(a)(1)(A)) and for violation of the Indiana Right of Publicity Statute (Ind. Code 32-36-1-0.2 *et seq*.).

2. On November 6, 2024, Plaintiff filed an amended complaint, supplementing Plaintiff's claims against Defendants with related claims under the same theories of liability.

3. On November 8, 2024, Plaintiff moved *ex parte* for a temporary restraining order, including a temporary asset restraint, and expedited discovery ("Motion for TRO"). [DE 14]. While the Court found that the Plaintiff had shown a likelihood of success on the merits and that Plaintiff had properly sought *ex parte* relief, the Court nevertheless denied the Motion for TRO because (i) Plaintiff purportedly had an adequate remedy at law and (ii) the Court deemed there to be a high risk of potential overreach in the breadth of the temporary asset freeze. [DE 20].

4. Plaintiff sought reconsideration of the Court's denial of the Motion for TRO, [DE 22], which the Court also denied. [DE 25]. The Court noted, however, that Plaintiff's Motion for TRO had been denied without prejudice. [*Id*. at 5].

5. Since the denial of Plaintiff's motion for reconsideration, Plaintiff has not been able to obtain additional information that Plaintiff believes would serve to change the circumstances relating to the Court's concerns about potential overreach of an asset restraint. This inability to obtain relevant information has been the source of Plaintiff's delays in prosecuting this case.

6. While contemplating appropriate next steps, Plaintiff's undersigned counsel inadvertently failed to timely move forward with this case and has caused the delay. Plaintiff's counsel did not intend to disrupt the flow of the proceedings in this case and apologizes to the Clerk and the Court for doing so and assumes full responsibility. Courts have deemed it appropriate not to punish a party for a lawyer's neglect in prosecuting a case. *See, e.g.*, *Bavender v. Potter*, 233 F. Supp. 2d 1036, 1037 (S.D. Ind. 2002) (setting aside dismissal of action based on want of prosecution due to lawyer's neglect).

7. Plaintiff's counsel further notes, however, that since the Court's denial of Plaintiff's Motion for TRO (which at the time had been a novel issue in this District), the Court has granted a temporary restraining order, including a temporary asset restraint, in at least one other Lanham Act case involving foreign infringers. *See Glitch Prods. Pty Ltd v. The P'ships, et al.*, Case No. 2:25-cv-00161, DE 17 (N.D. Ind. Apr. 11, 2025) (LUND, J.). The Court subsequently granted a motion for preliminary injunction, extending the preliminary injunctive relief, including an asset restraint. *Id.*, DE 30 (N.D. Ind. May 8, 2025). The injunctive relief sought by Plaintiff in the instant case in the fall of 2024 was analogous to the relief granted in *Glitch Productions*. If the Court has changed its stance on the viability of such *ex parte* injunctive relief in Lanham Act cases, Plaintiff would seek to obtain such relief based on the same principles, which would then result in this case progressing accordingly.

8.  In the alternative, if the Court deems that the circumstances of *Glitch Productions* are not analogous to the circumstances of the instant case, Plaintiff requests that the Court nevertheless maintain the instant action, so that Plaintiff can continue to seek relief, which the Court already determined Plaintiff has a high likelihood of obtaining. Plaintiff and Plaintiff's counsel would then proceed to act with due haste in prosecuting this case, independent of preliminary injunctive relief.

9.  Plaintiff and Plaintiff's counsel believe that good cause exists for Plaintiff and her counsel's lack of timely action in this case.

WHEREFORE, Plaintiff respectfully requests that the Clerk and the Court allow Plaintiff to continue to prosecute her case against Defendants.

Dated: August 21, 2025

Respectfully submitted,

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph. (312) 809-8022

*Counsel for Plaintiff*