IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| Caitlin V. Neal,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Operators of the Digital Properties Set Forth in Exhibit 1,<br><br>　　　　　　　　Defendants. | Case No: 2:24-cv-00263-GSL-AZ<br><br>Dist. Judge Gretchen S. Lund<br><br>Mag. Judge Abizer Zanzi |

**Plaintiff's Motion for Leave to File Renewed Motion for TRO**

**NOW COMES** Plaintiff Caitlin V. Neal ("Plaintiff"), by and through Plaintiff's undersigned counsel, and hereby requests leave to file a renewed *ex parte* motion for entry of a temporary restraining order, including a temporary asset restraint ("Motion for Leave"). In support of the Motion for Leave, Plaintiff states as follows:

1. Plaintiff had previously sought similar relief on November 8, 2024 [DE 14], which the Court denied. [DE 20].

2. Plaintiff sought reconsideration of the denial of the TRO [DE 22], which the Court also denied, making clear that the denial was without prejudice. [DE 25].

3. Since the Court's denial of the TRO and reconsideration therefor, the Court has granted similar relief as that requested by Plaintiff to other Lanham Act plaintiffs. *See, e.g.*, *Glitch Prods. Pty Ltd v. The P'ships, et al.*, Case No. 2:25-cv-00161, DE 17 (N.D. Ind. Apr. 11, 2025) (LUND, J.); *Superhype Tapes Limited v. The P'ships, et al.*, Case No. 2:25-cv-00161, DE 20 (N.D. Ind. June 17, 2025) (LUND, J.); *Sesame Workshop v. The P'ships, et al.*, Case No. 2:25-cv-00375, DE 24 (N.D. Ind. Aug. 27, 2025) (LUND, J.).

4. While the cases cited above involved federal trademark registrations (unlike this case, which involves the unauthorized use of an individual's identity in a manner that is likely

to create consumer confusion), the underlying principles for why ex parte temporary injunctive relief (and subsequent preliminary injunctive relief) would be appropriate are the same. *See 3M Co. v. Cont'l Diamond Tool Corp.*, No. 1:21-CV-274-HAB, 2022 WL 2355481, at *4 (N.D. Ind. June 30, 2022) ("In the context of false endorsement claims . . . the 'mark' at issue is the [individual's] identity.").

5. Plaintiff and Plaintiff's counsel are conscious of their obligation not to unnecessarily multiply pleadings in this case, and therefore desire to ensure that the Court would be amenable to a renewed motion based on essentially identical grounds as those asserted before. Plaintiff and Plaintiff's counsel therefore request the Court's permission to do so.

Dated: September 11, 2025

                                                                                                  Respectfully submitted,

                                                                                                  /s/ *Ilya G. Zlatkin*
                                                                                                  Zlatkin Cann Entertainment
                                                                                                  4245 N. Knox Ave.
                                                                                                  Chicago, IL 60641
                                                                                                  ilya@zce.law
                                                                                                  Ph. (312) 809-8022
                                                                                                  Fax (312) 809-6918

                                                                               *Counsel for Plaintiff*