**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

| | |
|---|---|
| Caitlin V. Neal,<br><br>                          Plaintiff,<br><br>v.<br><br>Operators of the Digital Properties Set Forth in Exhibit 1,<br><br>                          Defendants. | Case No: 2:24-cv-00263-GSL-AZ<br><br>Dist. Judge Gretchen S. Lund<br><br>Mag. Judge Abizer Zanzi |

<u>**PLAINTIFF'S RESPONSE TO THE CLERK'S NOTICE OF APRIL 8, 2026**</u>

Plaintiff Caitlin V. Neal ("Plaintiff" or "Neal"), by her counsel, respectfully responds to the Clerk's Notice of April 8, 2026. [DE 30].

1.      On July 31, 2024, Plaintiff filed the instant case against Defendants for false endorsement under the Lanham Act (15 U.S.C. § 1125(a)(1)(A)) and for violation of the Indiana Right of Publicity Statute (Ind. Code 32-36-1-0.2 *et seq*.).

2.      On November 6, 2024, Plaintiff filed an amended complaint, supplementing Plaintiff's claims against Defendants with related claims under the same theories of liability.

3.      On November 8, 2024, Plaintiff moved *ex parte* for a temporary restraining order, including a temporary asset restraint, and expedited discovery ("Motion for TRO"). [DE 14].

4.      On November 8, 2024, Plaintiff filed a motion seeking permission to effect service electronically ("Motion for Electronic Service"). [DE 15].

5.      On or around November 13, 2024, the Court granted Plaintiff's Motion for Electronic Service. [DE 18].

6.      With respect to Plaintiff's Motion for TRO, while the Court found that the Plaintiff had shown a likelihood of success on the merits and that Plaintiff had properly sought *ex parte* relief, the Court nevertheless denied the Motion for TRO because (i) Plaintiff purportedly had an

adequate remedy at law and (ii) the Court deemed there to be a high risk of potential overreach in the breadth of the temporary asset freeze. [DE 20].

7.    Plaintiff sought reconsideration of the Court's denial of the Motion for TRO, [DE 22], which the Court also denied. [DE 25]. The Court noted, however, that Plaintiff's Motion for TRO had been denied without prejudice. [*Id*. at 5].

8.    On September 11, 2025, Plaintiff filed a motion for leave to file a renewed motion for a temporary restraining order, citing the Court's more recent decisions where the Court had seemingly been more receptive to arguments analogous to those the Court had previously rejected in this case. [DE 28].

9.    On October 6, 2026, the Court issued an order indicating that Plaintiff was still permitted to re-file a motion for a temporary restraining order. [DE 29].

10.    At that point, Plaintiff and Plaintiff's counsel proceeded to prepare to refile such a motion, but the Defendants' online posts that had served as the basis for Plaintiff's prior Motion for TRO in November 2024 had been removed from the internet since the Plaintiff's prior filing of the Motion for TRO and the Court's prior denial thereof. Because of the obligation to support the existence of irreparable harm actively being suffered by Plaintiff, Plaintiff and Plaintiff's counsel determined that they could not accurately make the necessary declarations at that particular moment. Plaintiff and Plaintiff's counsel could not be sure, however, that Defendants would not re-initiate their infringing conduct in the near future. As a result, Plaintiff and Plaintiff's counsel determined that it made sense to wait to see whether Defendants would restart such infringing conduct, given Defendants' prior disregard of Plaintiff's rights.

11.    Since October 2025, Plaintiff and Plaintiff's counsel have diligently monitored relevant online channels to determine whether Defendants may have restarted the relevant

infringing conduct but, to Plaintiff's knowledge, new infringements have not occurred since the Court permitted re-filing of the motion.

12. The delays in this case have been the byproduct of an attempt to secure a practical remedy for Plaintiff while at the same time ensuring that all submissions to the Court were truthful and complied with all relevant laws.

13. Plaintiff and Plaintiff's counsel believe that good cause has existed for Plaintiff and her counsel's lack of timely action in this case.

14. Plaintiff and Plaintiff's counsel have at this point determined that seeking preliminary injunctive relief in the case is no longer practical. As a result, Plaintiff's counsel has proceeded to effect electronic service of process, as permitted by the Court. [*See* DE 31].

15. Plaintiff and Plaintiff's counsel understand that the Court is likely frustrated by the lack of progress in this case. Plaintiff requests, however, that the Court not dismiss this case for want of prosecution, as under Rule 41(b), such a dismissal would have the consequence of being deemed a final judgment on the merits for res judicata purposes, thereby preventing Plaintiff from being able to refile the case – a case in which the Court has already determined that Plaintiff has a high likelihood of being able to succeed on the merits.

16. A dismissal that would operate as a final judgment on the merits would not promote the interests of justice.

17. Defendants have not been prejudiced by the delay. Due to the sealing orders in this case, Defendants presumably did not know they were named in this suit and therefore were not forced to undertake any substantive measures to defend this case until they were served.

18. Because Plaintiff has now informed Defendants of the suit, this case may now proceed on its merits.

19.     In the event that Defendants fail to respond within the permitted time, Plaintiff intends to move for entry of default and default judgment in a timely manner.

20.     If the parties proceed to engage in good-faith negotiations, Plaintiff will inform the Court of such negotiations promptly.

21.     Plaintiff and Plaintiff's counsel are committed to prosecuting this case promptly going forward.

WHEREFORE, Plaintiff respectfully requests that the Clerk and the Court allow Plaintiff to continue to prosecute her case against Defendants. If the Court nevertheless determines that it is appropriate to dismiss this case, Plaintiff respectfully requests that the Court is explicit in that the case is being dismissed without prejudice, so that Plaintiff is not irreversibly penalized.

Dated: May 8, 2026

Respectfully submitted,

/s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph. (312) 809-8022

*Counsel for Plaintiff*