**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

| | |
|---|---|
| Caitlin V. Neal,<br><br>Plaintiff,<br><br>v.<br><br>Operators of the Digital Properties Set Forth in Exhibit 1,<br><br>Defendants. | Case No: 2:24-cv-00263-GSL-AZ<br><br>Dist. Judge Gretchen S. Lund<br><br>Mag. Judge Abizer Zanzi |

**Request for Clerk's Entry of Default**

Plaintiff Caitlin V. Neal ("Plaintiff" or "Neal"), by her counsel, respectfully requests that the Clerk of Court enter the default of Defendants under Federal Rule of Civil Procedure 55(a). In support, Plaintiff states as follows:

1. Plaintiff commenced this action on July 31, 2024, and filed her First Amended Complaint ("FAC") on November 6, 2024, asserting claims against Defendants for false endorsement under the Lanham Act (15 U.S.C. § 1125(a)(1)(A)) and for violation of the Indiana Right of Publicity Statute (Ind. Code 32-36-1-0.2 *et seq*.). [DE 9].

2. On or around November 13, 2024, the Court entered an Order authorizing service of process on Defendants by electronic means under Federal Rule of Civil Procedure 4(f)(3) ("Electronic Service Order"). [DE 18].

3. On May 8, 2026, in accordance with the Electronic Service Order, Plaintiff served Defendants by publishing the FAC, the Summons, and the Electronic Service Order on a designated website and by emailing those documents to the Defendants' email addresses identified in Exhibit A to the Declaration of Service. [DE 31; DE 31-1; DE 31-2].

4. The Summons directed each Defendant to serve an answer to the FAC, or a motion under Rule 12, within twenty-one (21) days after service. [DE 31]. That period expired on May 29, 2026.

5. More than twenty-one (21) days have passed since service was completed. Defendants have not answered the FAC, filed a motion under Rule 12, entered an appearance, or otherwise defended against this action, and the time for them to do so has expired.

6. Defendants are business entities and are not natural persons. No Defendant is an infant or an incompetent person, and no Defendant is in the military service of the United States within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

7. Defendants' failure to plead or otherwise defend is shown by the accompanying Declaration of Ilya G. Zlatkin, filed herewith. Accordingly, the Clerk should enter Defendants' default under Federal Rule of Civil Procedure 55(a).

WHEREFORE, Plaintiff respectfully requests that the Clerk of Court enter the default of Defendants under Federal Rule of Civil Procedure 55(a).

Dated: November 8, 2026

Respectfully submitted,

/s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph. (312) 809-8022

*Counsel for Plaintiff*